UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>                Plaintiff,<br><br>         v.<br><br>KAWEAK DELTA MEDICAL CENTER, ET. AL.,<br><br>                Defendants. | Case No.  1:21-cv-1044-NONE-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND FINDING MOOT PLAINTIFF's SECOND MOTION FOR ENLARGEMENT OF TIME<br><br>ORDER FINDING DEFENDANTS' SEPTEMBER 15, 2021 CROSS-MOTION FOR SUMMARY JUDGMENT MOOTED BY THEIR OCTOBER 1, 2021 [AMENDED] CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos.  12, 27, 28, 32) |

   Pending before the Court is Plaintiff's motion for 60-day enlargement of time to file response to Defendants' amended[1] cross-motion for summary judgment and motion to appoint counsel, both of which Plaintiff filed "*ex parte*" on October 27 and 28, 2021. (Doc. Nos. 27, 28). Defendants filed an opposition to Plaintiff's motion for appointment of counsel on November 11, 2021.  (Doc. No. 31).  Plaintiff recently filed a second motion for extension on November 15, 2021 seeking a 30-day day extension of time to respond to Defendants' amended cross-motion for

---

[1] As discussed *infra*, because Defendants filed an earlier motion for summary judgment, the Court deems the second-filed motion, albeit not labeled as such, an ***amended*** motion for summary judgment and the operative pleading.

summary judgment. (Doc. No. 32).  For the reasons set forth below, the Court grants Plaintiff's unopposed motion for a 60-day enlargement of time but denies Plaintiff's motion to appoint counsel.  Because the Court grants Plaintiff's first filed-motion for extension, the Court deems his second-filed cross-motion for a 30-day enlargement of time moot.

**Background**

As background, Plaintiff Ricky Tyrone Foster is a prisoner proceeding *pro se* in this action under 42 U.S.C. § 1983 initiated in Tulare County Superior Court.  (*See* docket).   The state court issued a demurrer on all causes of action, effectively dismissing the case, but the appellate court reversed the trial court's order.  (*See* Doc. No. 13 a 2).  The gravamen of Plaintiff's action is that defendants acted with deliberate indifference to his serious medical condition, involving broken ribs.  On July 2, 2021, Defendants removed this action to federal court.  (Doc. No. 1).  Soon after removal and prior to the Court issuing a discovery and scheduling order, Plaintiff filed a motion for summary judgment on July 19, 2021.  (Doc. No. 5).  Defendants filed an opposition and objections to the motion, noting that Plaintiff submitted his own declaration in support of his motion, but no medical records.  (Doc. Nos. 10, 11).  On September 15, 2021, Defendants Kaweah Delta Medical Center and Defendant Lee filed a joint motion for summary judgment with a supporting memorandum of law.  (Doc. Nos. 12, 13).  On September 16, 2021, the Court issued a *Rand* warning to Plaintiff noting Defendants' September 15, 2021 motion for summary judgment failed to include one.  (Doc. No. 17).  On October 1, 2021, Plaintiff filed objections to Defendants' September 15, 2021 motion, alleging among other things Defendants did not serve him with a copy of the September 15 summary judgment motion.  (Doc. No. 18).   Thereafter, on October 1, 2021, Defendants then filed their amended cross-motion for summary judgment.  (Doc. No. 23).  Plaintiff directs both his requests for a 60-day enlargement of time and his 30-day enlargement of time to the Defendants' October 1, 2021amended cross-motion for summary judgment.  (Doc. Nos. 27, 32).

**Plaintiff's Motions for Enlargement of Time (Doc. Nos. 27, 32)**

Plaintiff's motion for an enlargement of time, signed and dated October 13, 2021, seeks a

2

sixty-day enlargement of time to oppose Defendants' October 1 motion for summary judgment.[2] (Doc. No. 27).  Plaintiff explains that he was transferred from CSP-SATF Corcoran to CSP-Corcoran and only recently received his personal and legal property. (*Id.* at 2). Plaintiff also states he has not been afforded access to the prison law library due to a Covid-19 outbreak at the prison. (*Id.*).  Plaintiff further alleges due to the Covid-19 outbreak he is unable to obtain "legal supplies, copies, and mailing supplies." (*Id.* at 3).  Plaintiff submits that he is fully vaccinated and requests that the Court issue an order requiring correctional officials permit him access to the law library so that he can prosecute his case, or alternative to transfer him.  (*Id.* at 2-3).

Fed. R. Civ. P. 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the original time, or its extension expires; or, on a motion made after the time has expired, if the party failed to act because of excusable neglect.  Using the date Plaintiff signed the motion, the motion is timely filed.  While a summary judgment motion and opposition are based on whether there is a genuine dispute of material fact in the record, understandably the law informing what facts are material would be important for Plaintiff to litigate his case.  Defendants were permitted an opportunity to respond to the motion and did not do so.  (*See* docket).  Under Local Rule 230(c), no response may be construed as no opposition. The Court thus deems Plaintiff's motion to extend the time unopposed and further finds good cause to grant an extension.  Plaintiff shall deliver his response to Defendants' October 1, 2021 amended motion for summary judgment to prison officials for mailing no later than December 29, 2021.  Because the Court grants Plaintiff's first-filed motion for an enlargement of time, the subsequent motion for enlargement of time is deemed moot.

**Plaintiff's Motion to Appoint Counsel (Doc. No. 28)**

Plaintiff also moves for the appointment of counsel.  (Doc. No. 28 at 1).  Similar to Plaintiff's allegations in his motion for an enlargement of time, he reiterates that due to the ongoing Covid-19 outbreak, he does not have access to the law library, ability to make copies,

---

[2] Notably Plaintiff's motions were docketed October 27 and October 28, 2021 but bear a signature date several weeks earlier on October 13, 2021 and October 17, 2021, respectively.  (*See* Doc. No. 27 at 3; Doc. No. 28 at 3).

and mailing supplies.  (*Id.* at 2).  Plaintiff states that the Covid-19 outbreak constitutes an "extraordinary circumstances" beyond his control that warrant appointment of counsel.  (*Id.* at 3).

The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances."  *Id.* at 1181.  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*"* at this time.  *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).   Plaintiff has capably filed motions and he prevailed on appeal at the state court level.  Circumstances caused by the Covid-19 pandemic do not establish exceptional circumstances.  *Rodriquez v. United States*, Case No. 1:19-cv-00001-DAD-SAB(PC), 2021 WL 1172777 *1 (E.D. Cal. March 29, 2021)(citing *Pitts v. Washington*, Case No. 18-cv-526-RSP-MLP, 2020 WL 2850564 *1 (W.D. Wash. June 2020)(denying motion for appointment of counsel because, "[a]lthough Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify appointment of counsel at this time, nor does the Covid-19 pandemic.")); *Faultry v. Saechao*, Case No. 2:18-cv-1850-KJM AC (PC), 2020 WL 2561596 (E.D. Cal. May 20, 2020)(noting the impact of the Covid-19 health crisis on prison operations are common to all prisoners).  Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate

4

exceptional circumstances, he may renew his motion for appointment at counsel at that time. Accordingly, Plaintiff's motion is denied, without prejudice.

**Defendants' Multiple Motions for Summary Judgment (Doc. Nos. 12, 23)**

As noted above, multiple motions for summary judgment remain pending on the docket. Defendants have what appear to be, absent the *Rand* notice, two substantially similar motions for summary judgment pending. (Doc. Nos. 12, 23).  A cursory review of the Defendants' motions does not reveal substantial differences between these motions, filed approximately a month apart. The amended motion for summary judgment was filed later in time and the Court, deeming that operative pleading, granted Plaintiff an extension of time to respond to that amended motion. Thus, the Court deems the motion for summary judgment filed September 15, 2021 mooted by the amended cross-motion for summary judgment.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for an enlargement of time (Doc. No. 27) is **granted** to the extent Plaintiff shall provide his response to Defendants' amended motion for summary judgment (Doc. No. 23) to prison officials for mailing **no later than December 29, 2021**.  Plaintiff may want to attach a copy of this Order to his request to facilitate access to the law library to demonstrate he is under a court-imposed deadline.

2. Plaintiff's second motion for an enlargement of time (Doc. No. 32) is **deemed moot**.

3. Plaintiff's motion for appointment of counsel (Doc. No. 28) is **denied without prejudice**.

4. Defendants' cross-motion for summary judgment filed September 12, 2021 (Doc. No. 12) is **deemed mooted** by their October 1, 2021 amended cross-motion for summary judgment (Doc. No. 23).

Dated:     November 29, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE