UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAWEAH DELTA MEDICAL CENTER; KENNY DERKANG LEE,<br><br>　　　　Defendants. | Case No.  1:21-cv-01044-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No.  39) |

　　　Pending before the Court is Plaintiff's motion for reconsideration filed on February 14, 2022. (Doc. No. 29). Plaintiff seeks reconsideration of the Court's November 29, 2021, Order (Doc. NO. 37) denying Plaintiff's motion for appointment of counsel.  Plaintiff states he sought appointment of counsel due to an outbreak of Covid-19 impacting his law library access but seeks reconsideration because he is being subjected to retaliation due to his pending civil litigation and his mail is being tampered with in the prison mailroom.

　　　The Court construes the motion as filed under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

　　　　　(1) mistake, inadvertence, surprise, or excusable neglect;

　　　　　(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

　　　　　(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;

>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a *reasonable* time.  And, for reasons (1), (2), and (3) set forth above no more than a year after the entry of the order.  When filing a motion for reconsideration, the Court's local rules also require a showing of "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  E.D. Cal. L.R. 230(j).

Plaintiff has not established a sufficient reason under Rule 60 to warrant reconsideration of the November 29, 2021, Order denying Plaintiff's motion for appointment of counsel.  The Court affirms its decision denying appointment of counsel because no exceptional circumstances are present in this case.

The Court notes that the November 29, 2021, Order also granted Plaintiff an extension of time, until December 29, 2021, to respond to Defendants' amended motion for summary judgment filed October 1, 2021.  (Doc. No. 37 at 3).  Plaintiff has not filed a response opposing Defendants' amended motion for summary judgment.  Plaintiff states he did not receive the Court's November 29, 2021, Order until January 3, 2022—*after* the deadline the Court permitted him to respond—the Court will permit Plaintiff a limited time to respond to Defendants' amened motion for summary judgment.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for reconsideration (Doc. No. 39) is DENIED.

2. The Court *sua sponte* grants Plaintiff an opportunity to file a response to Defendants' amended motion for summary judgment (Doc. No. 23).  Plaintiff must deliver his response, if any, to prison officials for mailing **no later than June 13, 2022**.  At expiration of such time, the Court will deem Defendant's amended motion for summary judgment submitted for consideration.

DONE AND ORDERED:

Dated:   May 16, 2022

*[signature: Helena M. Barch-Kuchta]*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3