UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>  Plaintiff,<br><br>  v.<br><br>KAWEAH DELTA MEDICAL CENTER, KENNY DERKANG LEE,<br><br>  Defendants. | Case No. 1:21-cv-01044-JLT-HBK<br><br>ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR CLARIFICATION AND REQUEST FOR COPY OF THE DOCKET SHEET<br><br>(Doc. No. 44) |

Pending before the Court is Plaintiff's *ex parte* motion for clarification of the Court's June 15, 2022 order filed June 27, 2022. (Doc. No. 44). Plaintiff attaches mail logs to his motion. (*Id.* at 8-13). In pertinent part, Plaintiff seeks clarification of the Court's June 20, 2022 Text Only Order. (*See generally id.*). Plaintiff explains he is confused why the Court construed a pleading as his opposition because he filed an opposition to Defendants' motion for summary judgment on November 10, 2021. (*Id.* at 2). Plaintiff requests a copy of the docket sheet in his case. (*Id*. at 5). Plaintiff also attaches as Exhibit C to the instant motion his opposition, including a proof of service, his unsigned declaration, an unsigned request for judicial notice, and a a separate statement of undisputed material facts in support. (*Id.* at 25-52).

This is not the first time Plaintiff has sought clarification of the Court's orders concerning his opposition to Defendants' cross motion for summary judgment. As explained in the Court's June 15, 2022 written order, the Court extended Plaintiff's time to file an opposition to

1  Defendants' cross motion for summary judgment. (Doc. No. 43).  The Court previously
2  construed a filing from Defendant that contained Plaintiff's opposition to be Plaintiff's
3  opposition. (*Id.* at 2-3).  Now, considering Plaintiff's instant ex parte motion, the undersigned will
4  consider this document as Plaintiff's additional opposition to Defendants' cross motion for
5  summary judgment to the extent permissible by the Federal Rules of Civil Procedure and the
6  Local Rules when reviewing the cross motion for summary judgment.

7  Regarding Plaintiff's request for a copy of the docket sheet, neither Plaintiff's *pro se*
8  status nor his prisoner status entitle him to receive complimentary copies. *Blair v. CDCR*, 2018
9  WL 1959532, at *6 n. 2 (E.D. Cal. Apr. 25, 2018).  Normally, consistent with statute, the Court
10 will provide copies of documents and the docket sheet at $0.50 per page. *See* 28 U.S.C. § 1914.
11 Checks in the exact amount are payable to "Clerk, USDC."  However, as a one time courtesy in
12 the case, the Court directs the Clerk of Court to provide Plaintiff with a courtesy copy of the
13 docket sheet in this case.

14 Accordingly, it is **ORDERED**:

15 1. Plaintiff's *ex parte* motion for clarification of the Court's June 15, 2022 order and
16 motion for copies (Doc. No.44) is GRANTED to the extent clarification is provided herein.

17 2. The undersigned will consider Exhibit C to the instant ex parte motion as Plaintiff's
18 opposition to Defendants' cross motion for summary judgment the extent permissible by the
19 Federal Rules of Civil Procedure and the Local Rules.  The Court deems Plaintiff's motion for
20 summary judgement and Defendants' cross-motion for summary judgment (Doc. Nos. 5, 23)
21 submitted and will issue a ruling in due course.

22 3. The Clerk of Court shall provide Plaintiff with a one-time courtesy copy of the docket
23 sheet in this case.

24

25 Dated:   September 19, 2022
26                                          HELENA M. BARCH-KUCHTA
                                             UNITED STATES MAGISTRATE JUDGE
27

28